Green, J.
delivered the opinion of the court.
This is an action of debt, brought by the defendant in error against the plaintiff in error. In the declaration, there .are several counts.
1st. For money loaned and advanced.
2d. For money had and received to the plaintiff’s use.
3d. For money laid out and expended for the use of the defendant, &c. ,
The defendant pleaded nil debet, statute of limitations, and payment. The jury found that the defendant had hot paid the *404 debt, and assess Ms damages to $137 50, from which the defendant appealed.
From the bill of exceptions it appears, that a tract of land had been sold under a decree in chancery and was bid off for the Bridge Company, by its agent. Part of the money was paid when the company ascertained, that, by their charter, they were not authorized to buy and hold said land. In this state of things, the defendant’s intestate, Thomas Crutcher, and R. Weakley, agreed to take the bid of the company and repay the money advanced.
It is now contended by the plaintiff in error, that this cannot be recovered by the Bridge company, because it is the price of land sold by them to Crutcher and Weakley, and by their charter they have no power to buy and sell land.
We are of opinion, that although the Bridge Company has no power to deal in land: nevertheless, having advanced this money to Hardeman, under the mistaken opinion they were authorized to buy land, the contract being void, they were entitled to recover the money, they had so advanced, back again.
This court has decided, that where money is advanced upon a verbal contract for land, it may be recovered back again. The party has received it to the use of him who advanced it upon the void contract. If, then, the plaintiff below could have recovered from Hardeman, for a like reason a recovery may be had against Crutcher, who received the money paid to Hardeman, to the use of the plaintiff, and agreed to refund it to the party by whom it had been advanced.
It is not the sale of land by the Bridge Company to Crutcher, but it is a relinquishment of a confessedly void contract for land, Crutcher, for whose use the money paid to Hardeman was applied, agreeing to refund it.
Affirm the judgment.